IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DEXTER TURNER, N81961, ) ) ) | |
| Petitioner, ) ) | No. 14-cv-1818 |
| v. ) ) | Judge Sharon Johnson Coleman |
| RANDY PFISTER, Warden, Pontiac Correctional Center, ) ) ) ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Dexter Turner, an inmate with the Illinois Department of Corrections, filed a petition for habeas corpus relief pursuant to 28 U.S.C § 2254. Respondent moves to dismiss the petition pursuant to 28 U.S.C. § 2244(d)(1) as untimely. For the reasons stated herein, the motion is granted.

**Background**

On April 16, 2002, following a jury trial, Turner was convicted of armed robbery and sentenced to natural life in prison. The Illinois Appellate Court, First District, affirmed the conviction and sentence. *See* Dkt. 13-2 at 55, *People v. Turner,* No. 1-02-1251 (Ill. App. Ct. May 3, 2004) (Opinion as modified on denial of rehearing). On October 6, 2004, the Illinois Supreme Court denied Turner's petition for leave to appeal ("PLA"). Dkt. 13-6 at 105. There is no record of Turner seeking a writ of certiorari from the United States Supreme Court.

Petitioner filed for post-conviction relief on June 5, 2007, pursuant to 725 ILCS 5/122.1, which the Circuit Court of Cook County dismissed on August 9, 2007. The Illinois Appellate Court affirmed dismissal of the petition on December 24, 2009. Dkt. 13-5 at 85, Order, *People v. Turner,* No.

1

1-07-2573 (Ill. App. Ct. Dec. 24, 2009). The Illinois Supreme Court denied Turner's PLA on March 24, 2010. On December 1, 2010, Turner moved the state trial court for leave to file a successive post-conviction petition. The trial court denied Turner leave and the Illinois Appellate Court affirmed that ruling in a summary order on November 2, 2012. The Illinois Supreme Court denied Turner's PLA on September 23, 2013.

**Legal Standard**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking federal habeas corpus relief to file his petition within one year after his state conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A). While a petition may be time-barred, the one-year limitation is not a jurisdictional rule. *Holland v. Florida,* 560 U.S. 631, 645 (2010). The court can equitably toll the statute of limitations under the AEDPA in appropriate exceptional circumstances. *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). "Equitable tolling excuses an untimely filing when a petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Wilson v. Battles,* 302 F.3d 745, 748 (7th Cir. 2002). However, "'equitable tolling is granted sparingly' only when 'extraordinary circumstances far beyond the litigant's control… prevented timely filing.'" *Id.* at 749 (quoting *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000)).

**Discussion**

Respondent moves to dismiss petitioner Turner's habeas corpus petition as time-barred. Turner asserts that, if his petition is untimely, this Court should excuse the untimeliness and equitably toll the statute of limitations.

In order to have timely filed his petition for habeas corpus relief, Turner must have filed the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

2

Turner did not seek a writ of certiorari to the United States Supreme Court following the denial of his PLA by the Illinois Supreme Court on direct appeal. Turner's conviction therefore became final 90 days after the denial of his PLA, *i.e.* January 2, 2005. *See Jones v. Hulick*, 449 F.3d 784, 787 (7th Cir. 2006). Accordingly, Turner had until January 5, 2006, to timely file a federal petition for habeas corpus. Turner did not file his habeas corpus petition here until March 13, 2014.

The statute also provides that the one-year limitation period tolls during the time which an application for post-conviction relief is "pending." 28 U.S.C. § 2244(d)(2). However, Turner's post-conviction petition and successive post-conviction petition do not toll the one-year limitation period because Turner did not timely file those petitions. Pursuant to 725 ILCS 5/122.1(c), Turner had six months from the denial of his PLA (October 6, 2004) to file his petition for post-conviction relief in the state trial court or April 3, 2005. Turner did not file his post-conviction petition until June 5, 2007, nearly two years beyond the deadline. Because Turner filed his post-conviction petition after the one-year federal habeas limitation, the post-conviction proceedings and collateral appeal do not toll the one-year federal habeas statute of limitations. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-44 (7th Cir. 2009). Additionally, Turner did not seek leave of court prior to filing his successive post-conviction petition and therefore it was not properly filed and cannot toll the statute of limitations. *See Martinez v. Jones,* 556 F.3d 637, 638-39 (7th Cir. 2009).

This Court also declines to apply equitable tolling to the instant petition. Turner can show neither his reasonable diligence in pursuing his rights nor extraordinary circumstances preventing his filing of a timely habeas petition. The only explanation that Turner provides for the delay in the filing of his petition is that he was not able to obtain the state court transcripts. The Seventh Circuit has held that a petitioner's inability to obtain the trial transcript is not grounds for equitable tolling. *Lloyd v. VanNatta,* 296 F.3d 630, 633-34 (7th Cir. 2002). Further, Turner has not demonstrated reasonable diligence in pursuing his rights since he waited two years from when his conviction was

final and the Illinois Supreme Court denied his PLA to even begin any collateral proceedings. Accordingly, this Court finds that Turner has not demonstrated the necessary extraordinary circumstances far beyond his control that prevented his timely habeas petition in order to justify equitably tolling the one-year statute of limitations.

Respondent also moves this Court to deny petitioner Turner a certificate of appealability ("COA"). The Court may issue a COA if the petitioner made a substantial showing that he has been denied a constitutional right or may be denied if there is no constitutional right and the habeas petition is meritless. 28 U.S.C. § 2254(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003). Petitioner must show "something more than the absence of frivolity" on his part. *Miller-El,* 537 U.S. at 338. Where, as here, the Court denies the habeas petition on procedural grounds without reaching the merits, the petitioner must show that reasonable jurists would find debatable both the constitutional claims and the court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Turner has not made the requisite showing to warrant a certificate of appealability.

**Conclusion**

This Court grants respondent's motion to dismiss the habeas corpus petition [13]. The Court denies petitioner a certificate of appealability.

IT IS SO ORDERED.

Date: July 13, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4